IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH RODGERS,  )
                  )
         Plaintiff, )
                  )
v.                ) Civil Action No. 14-489
                  )
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY,  )
                  )
         Defendant. )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 24th day of August, 2015, upon due consideration of the parties' cross-motions for summary judgment related to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted, and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on October 15, 2010, alleging a disability onset date of September 15, 2009, due to bipolar disorder, anxiety and depression. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on June 18, 2012, at which plaintiff, represented by counsel, appeared and testified. On September 18, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On February 21, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 34 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has at least a high school education, 20 C.F.R. §416.964(b)(4), and has past relevant work experience as an office cleaner and a cashier, but she has not engaged in any substantial gainful activity since her application date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of bipolar disorder, anxiety disorder, depressive disorder and a history of poly-substance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels but with a number of non-exertional limitations arising from her mental impairments. (R. 15).[1] Based on the vocational expert's description of

---

[1] Specifically, the ALJ found that plaintiff has the following non-exertional limitations: " she requires simple, routine, repetitive work at an unskilled, entry level ... she cannot perform work which requires the handling of money and needs a stable work environment. She cannot have contact with the public, work as part of a team, or perform rate-paced work. She can have no more than occasional contact with co-workers and supervisors." (R. 15).

plaintiff's past relevant work, and comparing plaintiff's residual functional capacity with the physical and mental demands of that past work, the ALJ found that plaintiff is capable of performing her past relevant work of office cleaner as it is actually and generally performed. (R. 21).[2] Accordingly, the ALJ concluded at step 4 of the sequential evaluation process that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 540 U.S. 20 (2003).

---

[2] Alternatively, the ALJ also found at step 5 that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy based on her age, education, work experience and residual functional capacity, including, as identified by the vocational expert, the representative jobs of stocker, janitor and sorter/grader. (R. 21-22).

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §416.920a.

Here, plaintiff raises two challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated the medical evidence by failing to properly weigh the opinion of a consultative examiner; and, (2) the ALJ improperly evaluated plaintiff's credibility by failing to consider the reasons for plaintiff's lack of consistent treatment for her mental health issues. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ failed to properly weigh the opinion of a consultative psychologist, Dr. Sharna Olfman, who, following a psychological evaluation of plaintiff, concluded that plaintiff has "marked" restrictions in a number of work-related functional areas, including, *inter alia*, the ability to interact appropriately with the public, co-workers and supervisors, and to respond appropriately to work pressures and changes. (R. 347). The court finds no error in the ALJ's evaluation of this opinion evidence.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Briefly, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(c)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, such as consultative evaluations, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(c).

Importantly, the opinion of any physician, including a treating physician, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(d); SSR 96-5p.

Here, the ALJ adhered to the appropriate standards in evaluating all of the medical evidence, including the report of Dr. Olfman. The ALJ explicitly addressed Dr. Olfman's report in her decision, (R. 18), and she thoroughly explained why she afforded "little weight" to Dr. Olfman's conclusion that plaintiff has "marked" limitations in many areas of mental functioning. (R. 20). Specifically, the ALJ noted that Dr. Olfman herself questioned the reliability of her own evaluation given plaintiff's "less than forthcoming responses regarding her substance abuse, giving a history which was inconsistent with available medical records, and had stated from the beginning of the examination that she was resentful of having to answer questions or participate in the examination." Id. Accordingly, the ALJ chose to give greater credence to the opinions of another consultative examiner, Dr. T. David Newman, and the state agency reviewing psychologist,[4] "since their conclusions are more consistent with the record when considered as a whole." (R. 20-21). The ALJ outlined all of the medical evidence in her decision, (R. 17-21), and her evaluation of that evidence is supported by substantial evidence.

Contrary to plaintiff's argument, the ALJ did not err by calling into question the validity of Dr. Olfman's conclusions because Dr. Olfman herself questioned the reliability of plaintiff's responses. Under the regulations, the supportability of an opinion is a key factor in the weight

---

[4] State agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(e)(2)(ii); SSR 96-6p.

to be given to that opinion, and "the better an explanation a source provides for an opinion, the more weight" will be given to it. 20 C.F.R. §416.927(c)(3). Accordingly, when the medical source herself questions the reliability of her own evaluation, the ALJ certainly cannot be said to error in taking that into account in assessing the weight that opinion deserves, particularly when that opinion otherwise is not consistent with the record as a whole. 20 C.F.R. §416.927(c)(3).

In sum, the ALJ did a thorough job in her decision in setting forth the relevant medical evidence and explaining why she rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's second argument is that the ALJ's credibility determination is flawed because she improperly "diminished" plaintiff's credibility due to her lack of consistent treatment without considering any possible reasons for that sporadic treatment. This argument is unpersuasive.

In assessing plaintiff's credibility the ALJ considered the record as a whole, and, based on her review of all of the evidence, including the medical evidence, found that the "objective signs and clinical findings indicate a higher level of functioning than that alleged by [plaintiff] at the hearing." (R. 19). Accordingly, while acknowledging that plaintiff "may suffer from some limitations due to her mental impairments," she reasonably concluded that plaintiff's statements "are not credible to the extent that it is construed to mean that her limitations are so severe that she cannot engage in any work activity." Id. Such a finding, the ALJ determined, would be "inconsistent with the objective medical evidence, treatment regimen, and the evaluations of various examining and treating medical sources." Id.

The court is satisfied that the ALJ properly evaluated plaintiff's allegations regarding her mental limitations in accordance with the appropriate standards. 20 C.F.R. §416.929(c); SSR 96-7p.[5] Although plaintiff now takes issue with the ALJ's consideration of plaintiff's "rather sporadic treatment,"[6] the ALJ appropriately did consider that treatment history in assessing the limiting effects of plaintiff's symptoms, as she is authorized to do under SSR 96-7p and 20 C.F.R. §416.929(c)(3)(v) (ALJ may consider treatment, other than medication, which claimant receives or has received for relief of pain or other symptoms in determining intensity, persistence and limiting effects of such symptoms). *See* Vega v. Commissioner of Social Security, 358 Fed.Appx. 372, 375 (3d Cir. 2009).

Moreover, it is clear that the ALJ properly took into account plaintiff's sporadic medical treatment as *a* factor, not the only factor, in assessing plaintiff's credibility. Significantly, the ALJ's credibility determination is supported by other important factors as discussed by the ALJ in her decision, including the objective medical evidence and the evaluations of various examining and treating medical sources. Based on all of this evidence, the ALJ found plaintiff not fully credible. (R. 19).

It also is important to emphasize that the ALJ did not find that plaintiff's subjective complaints entirely were not credible. Rather, the decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in the residual functional

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if she does not find it credible so long as she explains why she is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); *see also* SSR 96-7p.

[6] The ALJ recognized that plaintiff "has engaged in only rather sporadic treatment, canceling many appointments, [an] indication that she has not taken her treatment seriously enough to enjoy any real improvement in symptoms." (R. 19)

capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence, and is satisfied that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                                                  /s/ Gustave Diamond
                                                                                  Gustave Diamond
                                                                                  United States District Judge

cc:    Kenneth R. Hiller, Esq.
        Law Offices of Kenneth Hiller PLLC
        6000 North Bailey Avenue, Ste. 1A
        Amherst, NY 14226

        Paul Kovac
        Assistant U.S. Attorney
        700 Grant Street
        Suite 4000
        Pittsburgh, PA 15219

AO 72
(Rev. 8/82)